HALL, Judge.
Plaintiffs, Commercial Union Insurance Company and its insured under a collision policy, Flavia Leary, sued defendant, Brooks Montgomery, for damages to the Leary automobile sustained in a collision with the Montgomery automobile. Montgomery denied negligence on his part, reconvened for damages to his automobile, and, alternatively, pled Miss Leary’s contributory negligence in bar of recovery by plaintiffs.
After trial, judgment was rendered in plaintiffs’ favor for the stipulated amount of property damage and rejecting defendant’s reconventional demand. Defendant appealed.
The accident occurred in Shreveport on Jordan Street near its intersection with Stephens Street. Jordan Street is a four-lane thoroughfare running east and west. Stephens is a two-lane inferior street running north and south, entering Jordan Street from the south, forming a “T” intersection. There is a stop sign for traffic moving north on Stephens Street before entering Jordan Street.
The residence of Montgomery’s parents is located on the north side of Jordan Street. Their driveway enters Jordan Street approximately forty feet west of the west line of Stephens.
Miss Leary drove her automobile north on Stephens and stopped at the stop sign. Montgomery’s automobile was parked in his parents’ driveway. The accident occurred in the westbound portion of Jordan Street after Miss Leary made a left turn and headed west and as Montgomery backed out of the driveway into Jordan with the intention of proceeding west. The right front fender of the Leary automobile collided with the left rear taillight of the Montgomery automobile.
Miss Leary testified she stopped at the stop sign, looked both ways, saw no traffic on Jordan, made her left turn, and proceeded west on Jordan. There was a car parked on the north side of Jordan immediately east of the Montgomery driveway. The Montgomery automobile backed out of the driveway into her path and she could not avoid a collision. The front end of the Montgomery automobile was still in the driveway when the impact occurred.
Montgomery testified he looked both ways on Jordan and for traffic on Stephens both before and after he got into his car to back out. He backed out, angling easterly in order to proceed west on Jordan. He was all the way out into Jordan and was still in reverse gear when the collision occurred. He did not see the Leary automobile prior to impact.
*645 There were two passengers in the Leary automobile. One was not looking and did not see the accident. The other generally corroborated Miss Leary’s version. There were no other witnesses.
A motorist backing out of a private driveway into a thoroughfare must exercise a high degree of care and must make certain the maneuver can be accomplished in safety. As the trial judge concluded, Montgomery did not exercise the degree of care required of him. If he looked, he should have seen the Leary car entering Jordan Street. Based on the much greater distance the Leary automobile traveled from its original stopped position as compared to the distance the Montgomery automobile traveled from its original stopped position, the Leary automobile necessarily entered Jordan Street prior to the Montgomery vehicle. Montgomery’s view may have been partially obscured by the parked automobile, but this factor only increased the degree of care required of him. Even accepting his version of the accident as completely accurate, it nevertheless must be concluded that his negligence was a legal cause of the accident.
Defendant argues that Miss Leary also had the duty of exercising a high degree of care before entering a through street from an inferior street, which is correct. However, it is not shown that she did otherwise. She stopped, looked, and traffic on Jordan was clear at the time she entered the intersection and commenced her left turn onto Jordan.
Defendant further argues plaintiff should have seen his automobile backing into Jordan sooner and taken steps to avoid the accident. The evidence does not support defendant’s argument. If plaintiff had seen defendant’s automobile in the driveway after she entered Jordan, she was entitled to assume he would remain stationary or if moving, would stop. At the time she could have first realized he was going to proceed on into Jordan, it was too late for her to take evasive action. Defendant has not borne his burden of establishing negligence on the part of plaintiff.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.